Shauck, J.
Since the record does not contain either a special finding of the facts upon which the circuit court rendered judgment in favor of the defendants, or a bill of exceptions showing the evidence upon which it based its conclusion as to the right of possession, no question respecting that right is before us.
But counsel for the plaintiffs insist that from the nature of the issues joined the case was not appealable from the common pleas court to the circuit court and that the latter court was, therefore,' without jurisdiction to render the judgment whose reversal they now seek. In order that the view upon which the case is to be determined here may not be obscured, we assume, without deciding, that the case was not appealable. It does not follow this assumption that the circuit court was without jurisdiction of the subject of the controversy between the parties. Such jurisdiction is conferred upon the circuit court by statute over the subject of every matter which has been litigated in the court of common pleas. It is quite true that there are different modes of invoking the exercise of that jurisdiction. It may be by appeal for a trial de novo in the cases designated in Section 12224, General Code, or by a petition in error upon the record made in the court of common pleas as is authorized in all cases by Section 12250, General Code. To give the circuit court jurisdiction of the subject of the controversy, the *100 consent of the plaintiffs, upon the-assumption we are now making, was not necessary. Nothing fur-' ther was necessary than that they should waive objection to the mode in which the defendants invoked the exercise of the jurisdiction; and that they effectively did by entering upon the trial of-the cause in the circuit court without there interposing a motion to dismiss the appeal. The record shows that they raised no question respecting the1 mode by which the defendants had invoked the exercise of the jurisdiction of the circuit court until their motion for a new trial which was made after the trial was completed and the adverse conclusion of the court announced.
It frequently happens that the judgment of the circuit court is more favorable to the appellee than was that of the court of common pleas from which the appeal is taken. The view suggested by counsel for the plaintiffs would authorize the appellee in doubtful cases to seek such more favorable judgment by trying his case upon the appeal and then challenging the jurisdiction of the appellate court after it reaches a conclusion less favorable to him. That view is inconsistent with familiar practice and with obvious reasons. . The appellee cannot challenge the appealability of a cause in which proper steps for an appeal have been taken except by a motion to dismiss the appeal made in the circuit court before the cause is there tried. We attach no importance to the fact that in the present case there was a trial in the common pleas court without the intervention of a jury, because the question of appealability of a case cannot be effec *101 tively determined in that court even in the first instance.

Judgment affirmed

Summers, C. J., Crew, Spear, Davis and Price, JJ., concur.